UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LINDA B. HAMMAC, INDIVIDUALLY AND AS INDEPENDENT TESTAMENTARY CO-EXECUTOR ON BEHALF OF THE ADELLA SMITH BROOME SUCCESSION | : | DOCKET NO. 06-1184 |
| VS. | : | JUDGE MINALDI |
| ALLSTATE INSURANCE COMPANY | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

On June 6, 2006, Linda B. Hammac, individually, and as independent testamentary co-executor of the Succession of Adella Smith Broome, filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendant was Allstate Insurance Company. Hammac alleges that Allstate provided homeowner's insurance for the home located at 311 Goss Road, Westlake, Louisiana. (Petition, ¶ 6). In September 2005, plaintiff was residing in the home when Hurricane Rita struck. *Id*. at ¶ 3. As a result, the house and contents were severely damaged. *Id*. at ¶¶ 3-5. Plaintiff alleges that she has not received any insurance proceeds. *Id*. at ¶ 8. Accordingly, she seeks recovery for general damages, special damages, property damage, costs, and interest. (Petition, prayer).

On July 13, 2006, Allstate, removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On August 7, 2006, plaintiff filed the instant motion to remand [doc. # 11]. The motion seeks remand on the basis that the requisite threshold amount for the

exercise of diversity jurisdiction ($75,000+) is not present. The matter is now before the court.[1]

In cases removed to federal court on the basis of diversity, it is incumbent upon the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)(citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)).

In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id*. Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in her state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $ 75,000.

In her motion, plaintiff stipulated that her damages do not exceed $ 75,000. However, it is axiomatic that when resolving a motion to remand, we look at jurisdictional facts as they exist *at the time the case was removed. Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998)(*"ANPAC"*). "While post-removal affidavits may be considered in determining the

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000)(citing, *ANPAC, supra*).

Here however, there was no ambiguity as to the amount in controversy at the time of removal. It was facially apparent that plaintiff's damages exceeded the jurisdictional threshold. *See*, discussion, *supra*. Accordingly, we cannot consider plaintiff's post-removal stipulation in assessing the amount in controversy. *Gebbia, supra*. We may properly exercise diversity jurisdiction. 28 U.S.C. § 1332. For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 11] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 15, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE